UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SCOTT MILLER, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 2:13-cv-282-JMS-WGH |
| ) | |
| WABASH VALLEY ) | |
| CORRECTIONAL FACILITY, ) | |
| ) | |
| Respondent. ) | |

**Entry and Order to Show Cause**

**I.**

**A.**

The petitioner's motion for leave to proceed *in forma pauperis* [dkt. 3] is **granted**.

**B.**

The Sixth Amendment right to counsel does not apply in *habeas corpus* actions. *Coleman v. Thompson*, 501 U.S. 722, 755, 111 S. Ct. 2546, 2568 (1991). However, a district court does have the authority to appoint counsel to represent a habeas petitioner whenever it "determines that the interests of justice so require. . . ." 18 U.S.C. ' 3006A(a)(2)(B). This is not a case that warrants appointment of counsel because petitioner=s claims are not particularly complex, there is no likelihood that an evidentiary hearing will be necessary, no discovery or other investigation will be required, due allowance to the petitioner=s *pro se* status will be made and the petitioner has at least thus far demonstrated ample ability to express and present his claims. In addition, the petitioner has the means (writing materials, etc.) to continue to present his claims in this action, the petitioner is literate and seems fully aware of the proceedings involving his conviction and sentence in the Indiana state courts, and the respondent has not yet filed an answer to the

petition, meaning that the court and the petitioner do not yet know whether, and to what extent or on what basis, his claims for relief are contested here. Therefore, the petitioner's motion to appoint counsel [dkt. 4] is **denied**.

## II.

Any claim based on the asserted violation of the Indiana Constitution is dismissed as non-cognizable because claims of this nature do not support federal habeas corpus relief under 28 U.S.C. ' 2254(a). See *Del Vecchio v. Illinois Dep't. of Corr.,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law); *Bloyer v. Peters,* 5 F.3d 1093, 1098 (7th Cir. 1993) (citing *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)). "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'" *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)( (quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

No partial final judgment shall issue at this time as to the claim(s) dismissed in Part II. of this Entry.

## III.

The petitioner=s custodian is directed to answer the allegations of the petitioner=s petition for a writ of habeas corpus, and in doing so shall **show cause** why the relief sought by the petitioner should not be granted. This shall be done within **twenty (20) days** after the date this Entry is docketed. The petitioner shall have **twenty (20) days** after service of such answer or return to order to show cause on him in which to reply.

A copy of this Entry and Order to Show Cause shall be sent to the Indiana Attorney General through a Notice of Electronic Filing ("NEF") generated by the court's CM/ECF case

management system. The Indiana Attorney General has previously been provided with a copy of the habeas petition itself.

**IT IS SO ORDERED.**

Date: 08/12/2013

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Scott Miller
No. 147898
Wabash Valley Correctional Facility
Electronic Service Participant-Court Only

habeas@atg.in.gov