UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SCOTT MILLER,                     )
                                  )
         Petitioner,              )
v.                                )   Case No. 2:13-cv-282-JMS-WGH
                                  )
SUPERINTENDENT, WABASH VALLEY     )
  CORRECTIONAL FACILITY,          )
                                  )
         Respondent.              )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

Scott Miller is a state prisoner serving the executed portion of the sentence imposed following his 2005 conviction in LaGrange County for two counts of dealing in methamphetamine. He seeks a writ of habeas corpus. Claims asserted under Indiana law have been dismissed.

Having considered Miller's petition, the respondent's return to show cause, Miller's reply and the expanded record, and being duly advised, the court finds for the reasons explained in this Entry that Miller's petition for writ of habeas corpus must be denied.

**I. The Petition for Writ of Habeas Corpus**

**Background**

Miller's conviction was affirmed on direct appeal in *Miller v. State*, No. 44A03-0506-CR-259 (Ind.Ct.App. Mar. 16, 2006)(*Miller I*). The trial court's denial of Miller's petition for post-conviction relief was affirmed on appeal in *Miller v. State*, No. 44A05-1207-PC-376 (Ind.Ct.App. Apr. 18, 2013)(*Miller II*).

District court review of a habeas petition presumes all factual findings of the state court to be correct, absent clear and convincing evidence to the contrary. See 28 U.S.C. § 2254(e)(1); *Daniels v. Knight,* 476 F.3d 426, 434 (7th Cir. 2007). No showing of such a nature has been made here. The court therefore adopts the factual account of the Indiana Court of Appeals:

> On February 26, 2003, a confidential informant ("CI–399") working for the Indiana Multi–Agency Group Enforcement Drug Taskforce ("IMAGE") purchased 0.64 grams of methamphetamine from Miller. On March 10, 2003, a second confidential informant ("CI–387") working for IMAGE purchased more than 3.62 grams of methamphetamine from Miller. Each CI had been searched for contraband, provided with buy money, and equipped with a transmitter and a recording device before his buy. In each case, officers observed the CI enter Miller's residence, listened to the conversations that took place, and observed the CI exit Miller's residence. After each buy, the CI gave the drugs to the police and was searched for contraband. The police also retrieved the audio recordings.
> On July 28, 2004, the State charged Miller with dealing in methamphetamine as a Class A felony and dealing in a schedule II controlled substance as a Class B felony. A jury convicted Miller of both charges. He was sentenced to fifty years for the Class A felony and twenty years for the Class B felony, with the sentences to run concurrently.

*Miller I,* at pp. 2-3.

### Miller's Claims

Miller's cognizable habeas claims are that he was denied the effective assistance of counsel at trial and in his direct appeal. Miller's efforts to raise other claims or complain as to how his claims have been characterized are without effect.

### Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). Miller filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). His petition, therefore, is subject to the AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997). When a habeas petitioner's claim was adjudicated on the merits in State court proceedings, section 2254(d) provides that a federal court may grant a writ of habeas

corpus only if that adjudication was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The Supreme Court has issued several rulings emphasizing the wide latitude that must be accorded to state court rulings under AEDPA review. *See, e.g., Harrington v. Richter*, 131 S. Ct. 770, 785 (2011); *Premo v. Moore*, 131 S. Ct. 733, 743 (2011); *Renico v. Lett*, 130 S. Ct. 1855, 1862-66 (2010); *Thaler v. Haynes*, 130 S. Ct. 1171, 1173-75 (2010). In particular, the Supreme Court has stressed that § 2254, as amended by AEDPA, was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been "extreme malfunctions in the state criminal justice systems." *See Richter,* 131 S. Ct. at 786. Therefore, even if the federal court disagrees with the state court ruling, the federal court should not grant habeas relief unless the state court ruling was objectively unreasonable. *See id*. at 785 ("an unreasonable application of federal law is different from an incorrect application of federal law.") (quoting *Williams v. Taylor*, 120 S. Ct. 1495, 1522 (2000)).

The first step in analyzing Petitioner's claim under § 2254(d)(1) is "to identify the 'clearly established Federal law, as determined by the Supreme Court of the United States' that governs the habeas petitioner's claims." *Marshall v. Rodgers,* 133 S. Ct. 1446, 1449 (2013) (citing *Williams v. Taylor,* 529 U.S. at 412; *Knowles v. Mirzayance,* 556 U.S. 111, 122 (2009)). In proceeding with the analysis, a federal habeas "must determine what arguments or theories supported, or, [in the case of an unexplained denial on the merits], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or

theories are inconsistent with the holding in a prior decision of [the Supreme Court]." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011). If a state court's decision "was reasonable, it cannot be disturbed." *Hardy v. Cross,* 132 S. Ct. 490, 495, (2011) (per curiam).

**Discussion**

The "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), pertaining to Miller's ineffective assistance of counsel claim is supplied by *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel under *Strickland,* the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Id.* For a petitioner to establish that "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Id.* at 687.

With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In determining whether counsel's performance was constitutionally deficient, the court's review of counsel's performance is "highly deferential," and the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004).

Claims of ineffective assistance of appellate counsel are measured against the same standard as those dealing with ineffective assistance of trial counsel. *Howard v. Gramley,* 225 F.3d

784, 789–90 (7th Cir. 2000). A petitioner who contends that appellate counsel rendered ineffective assistance of counsel must show that the failure to raise an issue on direct appeal was objectively unreasonable and that the decision prejudiced petitioner in the sense that there is a reasonable probability that his case would have been remanded for a new trial or that the decision of the state trial court would have been otherwise modified on appeal. *Id.* at 790.

When a state prisoner seeks relief based on a claim of ineffective assistance of counsel, a federal habeas court uses a "'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt. *Richter,* 131 S. Ct. at 788 ("The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." (citations and internal quotation marks omitted)). "Under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010). As one court has explained, "[i]t is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone,* 967 F.Supp. 152, 156 (E.D.Va. 1997).

The Indiana Court of Appeals acknowledged *Strickland* as providing the controlling standard. *Miller II,* at p.7. Miller had produced no evidence of ineffective representation at the hearing on his petition for post-conviction relief. The Indiana Court of Appeals noted this, then noted that the evidence was "more than sufficient" to support Miller's conviction and that the drugs had been weighed twice and were properly admitted into evidence. It found that Miller had failed to identify a basis for challenging the validity of the probable cause affidavit. Thus, omitted arguments bearing on the performance of his attorney at trial would have been unsuccessful. The Indiana Court of Appeals reasonably concluded that Miller's appellate attorney had not performed

unreasonably in omitting these challenges from *Miller I, id.* at pp. 8-9, and that Miller had not been prejudiced in the manner required by *Strickland. Id.* at p. 9.

The Indiana Court of Appeals= *Strickland* analysis was not "an unreasonable application of clearly established Federal law," *Mitchell v. Esparza,* 540 U.S. 12, 17 (2003) (per curiam), because the Indiana Court of Appeals "took the constitutional standard seriously and produced an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000). This analysis, moreover, entails rejection of Miller's claims that his attorney at trial had been ineffective.

Miller complains that he was thwarted by the trial court in meeting his burden at the post-conviction stage, but it was his burden, he produced virtually nothing in support of his claims, and "[i]t should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *Burt v. Titlow,* 134 S. Ct. 10, 17 (2013) (quoting *Strickland,* 466 U.S. at 689). Accordingly, the Indiana Court of Appeals' *Strickland* decision in *Miller II* is entitled to AEDPA deference under ' 2254(d)(1), *id.,* and thus is invulnerable to Miller's federal habeas corpus challenge. In any event, the Court of Appeals treatment of this issue was not in error.

**Conclusion**

A federal habeas court's role in reviewing state prisoner applications was modified by the AEDPA "in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002). The requirements of the AEDPA "create an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings." *Uttecht v. Brown,* 127 S. Ct. 2218, 2224 (2007) (citations omitted).

Having applied the appropriate standard of review, and having considered the pleadings and the expanded record, Miller's petition for writ of habeas corpus must be denied. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Miller has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: January 28, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Scott Miller
No. 147898
Miami - CF
Miami Correctional Facility
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

Electronically Registered Counsel